In the Matter of Acquiring Title by The City of New York to Certain Lands and Premises Situated on the Northerly Side of West Two Hundred and Fifth Street, 100 Feet Easterly of Ninth Avenue; Running Thence North to Two Hundred and Sixth Street in the Borough of Manhattan, City of New York, Duly Selected as a Site for a Housing Station for the Street Cleaning Department, According to Law.

In the Matter of the Application of Northern Terminal Corporation of New York to Collect Award.

First Department, February 18, 1927.

Eminent domain — award to corporation — motion in Appellate Division to compel chamberlain of city of New York to pay award to treasurer of corporation — Greater New York Charter, § 1439, provides for motion where there are adverse or conflicting claims — only conflict is represented by dispute between members of corporation as to status of treasurer — rights of minority stockholder cannot be determined in this proceeding — city chamberlain will not be compelled to pay money to officer of corporation whose title is questioned — Appellate Division suggests reference on stipulation to determine title of treasurer to office — in absence of stipulation, present motion is denied on ground of lack of jurisdiction.

This is an application before the Appellate Division, made pursuant to section 1439 of the Greater New York Charter, to compel the city chamberlain of the city of New York to pay an award in condemnation proceedings to the petitioner, a corporation, by paying the same to the treasurer thereof. The Appellate Division has power to direct the payment where there are adverse or conflicting claims. But the only dispute in this case is among the members of the corporation as to the title to office of the treasurer thereof. The rights of a minority stockholder cannot be determined in this proceeding.

The city chamberlain of the city of New York will not be compelled in any case to pay the amount of an award to an officer of any corporation whose title to office is questioned.

The Appellate Division suggests that the parties stipulate for a reference to determine the title to the office of the treasurer of the corporation, and hold that, in the absence of such a stipulation, the present application should be denied, since there are no claims adverse to that of the corporation. Under the circumstances, the court does not have jurisdiction.

Motion for an order directing the chamberlain of the city of New York to pay to the Northern Terminal Corporation, by Frank J. Heney, its treasurer, the amount of the award in the within proceeding.

*Herbert R. Kaus,* for the motion.

*William B. Roulstone* [*Bandler & Roulstone,* attorneys], for James N. Butterly, opposed.

*A. S. Aleinikoff* [*George P. Nicholson, Corporation Counsel*], for the City of New York, opposed.

Per Curiam. The application is made pursuant to the provisions of section 1439 of the Greater New York Charter (as added by Laws of 1915, chap. 596), providing that where there are adverse or conflicting claims to the money awarded as compensation in such a proceeding, the same shall be paid out as the Appellate Division of the Supreme Court in the judicial department in which the real property for which the award is made is located shall direct.

In this case there are no adverse or conflicting claims to the money, since it is conceded it belongs to the Northern Terminal Corporation of New York.

But it is apparent from the voluminous papers submitted upon the application and from the conflicting statements of facts therein contained, that there is internal strife in said corporation, and widely divergent claims as to the actual status of its officers. Of course, the claims of the protesting minority stockholder cannot be determined in such a proceeding as this, and the court directed the attention of his counsel upon the argument to the fact that such stockholder had ample time to commence such action or proceeding as he might be advised to protect his rights, by promptly proceeding when the motion papers herein were served upon him. The questions in dispute cannot and should not be determined upon the affidavits. Nor is the present proceeding a proper one in which to adjudicate the rights of the parties. The petition asks that the award shall be paid by the city chamberlain to Frank J. Heney, who is claimed to be the treasurer of the corporation. The fact that Heney is such treasurer is controverted by the objectant herein, Butterly.

The city chamberlain should not be compelled to pay over the amount of this award to any officer of any corporation whose title to his office is questioned, as if it should thereafter be successfully attacked, it might subject the city chamberlain to double liability for the deposit.

If all the parties in interest desire to have the question judicially determined, whether Heney is in fact the treasurer of the corporation, and would agree in writing to such a disposition of the present motion, a reference might be ordered as suggested by the corporation counsel to take proof of Heney's title to his office, so that payment may safely be made to him by the chamberlain. In the absence of such an agreement, the present application should be denied, since there are no claims adverse to that of the Northern Terminal Corporation or conflicting therewith, so that the proceeding does not come within the jurisdiction of this court to determine.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.

Motion denied, unless all parties consent to a reference to take proof of title to office of claimant's treasurer. Settle order on notice.